As we understand the petition in this case, the demand is predicated on what is alleged to have been a commission for the sale of real estate. Plaintiff alleges specifically that on April 6, 1946, he listed his property for sale with the defendant D.E. Ward, operating his business as Ward Realty Company and that Ward agreed to sell his property for the sum of $8500. The original of the listing tract is attached to the petition and it shows that as a fact plaintiff did list his property with the defendant who was to obtain that price and that plaintiff would pay a commission of five per cent.
The petition sets out various other facts tending to show that the listing of the property by plaintiff was simultaneous with another contract under which he would purchase a larger tract of land for the sum of $11,000 from a party by the name of E.L. Woodside, which this same real estate agent had for sale and that it was based entirely on the defendant's ability to get $8500 for his property.
He then alleges that he put up a deposit of $685 with the defendant real estate company and that the deal fell through because defendant was unable to procure a purchaser for his property at $8500. His suit now is one to recover the $685 which he says was the commission that he put up for the sale of his property which the defendant never was able to effect and therefore he is entitled to a return of the amount so deposited by him.
The defense seems to be that there were two entirely separate and distinct agreements, one for the sale of plaintiff's property by the defendant and the other for the purchase by the plaintiff of the Woodside property. The defendant contends that the Woodside property deal was actually effected by him; that the deposit of $685 put up by the plaintiff was to bind the sale of that property and that at the time the deposit was made Woodside agreed to let defendant retain the deposit as his commission on that deal. It further appears that defendant divided this amount with two other parties who, he contends, had worked up the Woodside sale and that he is not indebted to the plaintiff for any part of it.
The case was tried on these issues in the lower court and resulted in a judgment in favor of the defendant, dismissing plaintiff's suit and rejecting his demand at his costs.
[1] Whilst the facts are disputed as between the plaintiff and defendant, we have no hesitancy in agreeing with the trial judge in his finding that the sale of the Woodside property to the plaintiff was contingent upon the sale of plaintiff's own property at $8500. It is true that the $8500 price was reduced because plaintiff himself testified that he had agreed on a lower price at $7500, but we do not think that that plays any part in adjudicating the issue that is before the court. Assuming that the demand is one for the return of a commission for an unexecuted sale of plaintiff's property it is clear that under the facts testified to by all of the parties that this $685 was not deposited with the defendant as a commission for the sale of his property. In the first place under the contract of listing, the commission agreed upon is stipulated as being five per cent of $8500 and obviously that is not $685, the amount that is being demanded. In the second place, conceding that the two agreements were simultaneous and that the one depended upon the other, we are of the opinion that the written evidence found in the contract for the sale of the Woodside property, which controls the oral testimony, proves that this $685 was never intended as a commission to be paid by the plaintiff on the sale of his property but was a deposit by him on the purchase price of the Woodside property and was to be included as part of the purchase price of that property when the sale was finally consummated.
The Woodside contract shows on its face that plaintiff was to purchase the Woodside property for $11,000, on which he was to pay $685 cash and to finance the *Page 893 
balance of $10,315 within 60 to 90 days from date of the agreement. That is the contract which plaintiff himself signed, and which offer as made by him was accepted in writing by Woodside in the following words: "I accept the offer as signed above, and agree to pay to D.E. Ward, Real Estate Agent, the commission of $685 which has been included as a part of the purchase price as stated above." That language is clear and unambiguous and we do not see how plaintiff can hope to get around it in this proceeding which he has brought against this defendant.
The testimony further reveals that the defendant did retain the $685 and divided it with two other people who had worked on the deal. Defendant Ward says that Mr. Woodside agreed to this and that would be his commission on the sale of his property. True, Mr. Woodside denies this but we believe that is what took place. At any rate, it would seem as though it is a matter of no concern to the plaintiff in this suit what was done as between Ward and Woodside with regard to that $685. In the manner in which he deposited it under his contract with Woodside it strikes us that as far as he was concerned, the money was in the hands of Woodside and if he was entitled to recover it from anyone it would be from him and not from the defendant, Ward. To recover from Ward he would have to prove of course that there was some further agreement between them or that he would be entitled to the return of his money if the deal did not go through.
[2] The trial judge in his reasons for judgment referred to the fact that plaintiff had not alleged that the defendant had fraudulently taken his money and the implication is that he may have recovered on the ground of fraud having been perpetrated upon him by the defendant in the event he could have proved any. Counsel for plaintiff in brief states that whilst the petition does not allege fraud in so many words it is nevertheless replete with allegations that show bad faith on the part of the defendant. Even bad faith involves something more than a mere demand to recover a deposit as a commission on the sale of property which was never effected and it should have been alleged in greater detail than was done by the plaintiff in this case.
We are of the opinion that the issues are restricted to those we have stated as being presented in the pleadings before the court and on those issues the proof supports the judgment of the lower court which rejected the plaintiff's demand and dismissed his suit.
Judgment affirmed.